MILES GREEN, plaintiff in error, *vs.* JAMES COLLINS, defendant in error.

A party, at the request of the maker of a promissory note, took it up from the payee, and the purchaser claimed a balance to be due thereon; and in consideration that the holder would not attach the property of the maker, and would permit him to move out of the State, a third party signed the note as surety.   Suit was brought on the note against this surety, and the Court below decided that the note sued on did not contain such a promise in writing as would be binding under the statute of frauds, and non-suited the plaintiff: *Held*, that this was error.

Complaint on note.   Non-suit awarded by Judge WORRILL. Marion Superior Court.   April Term, 1867.

This action was founded upon a promissory note as follows:

" On the first day of January, 1863, I promise to pay G. DeLawney or bearer, Twelve Hundred and Ninety-three Dollars and Seventy-five Cents, with interest from January 1st, 1859, value received, to be discharged in middling cotton at ten and a half cents per pound, to be delivered at Florence, Stewart County, Georgia, in square bales, by the first of January, 1863.                                            L. B. COLLINS,

_his_

JAMES ◯ COLLINS.

December 8th, 1858.          *mark.*

Endorsed—" Received on this note $963.75, January 1st, 1859."

It was proceeding against James Collins on appeal. He plead the statute of frauds, &c.

The plaintiff, after the note was read in evidence, testified : that in the fall of 1858, he bought from L. B. Collins a settlement of lands which L. B. Collins had bought from DeLawney ; they supposed that there were five hundred and thirty acres, and the price agreed on was $11 per acre. L. B. Collins requested plaintiff to take up said note from DeLawney, and agreed that if the land, when measured, fell short of that number of acres, he would refund to plaintiff the price per acre for each acre short, and plaintiff agreed that if it contained more, he would pay L. B. Collins the price per acre for each surplus acre. It fell short thirty acres. When L. B. Collins was about to remove from the State, plaintiff demanded of him payment or security for said deficiency, and threatened to attach his property. To prevent this, James Collins, who was present, signed the note.

For the defendant, DeLawney testified : that he never owned a note on L. B. Collins and James Collins, but had owned a note on J. B. Collins, in substance the same as the above, except that it was signed by L. B. Collins only— it being given by L. B. Collins in consideration of lands on Hannahachee Creek in said Stewart County, sold to him by witness ; L. B. Collins sold the land to plaintiff, plaintiff's note was given to DeLawney in lieu of L. B. Collins', and the deed was made to Green, and Collins' said note given to plaintiff.

The defendant stated the same as the plaintiff had stated, as to why he signed the note.

The Court decided that this signing of said note was not such a promise in writing to pay the debt of another as was binding on the defendant, and the plaintiff allowed a non-suit.

He now says that decision was wrong.

E. G. RAIFORD, for plaintiff in error.

M. H. BLANDFORD, for defendant in error.

WALKER, J.

The error into which the Court below fell, was in construing the contract between L. B. Collins and the plaintiff as a satisfaction of the DeLawney note.    Such was not the effect of that contract.    Green was to take it up, to purchase it, in other words, which he did, and it became his.    L. B. Collins let him have the land, and the value of this was credited on the note, as per contract, leaving still due to the plaintiff on the note three hundred and thirty dollars and interest.    In this state of facts, L. B. Collins proposed to move out of the State, to which plaintiff objected, and threatened to attach his property unless this balance were paid or secured.    In consideration that the plaintiff would not attach and would permit L. B. Collins to move out of the State, James Collins, the defendant, signed the note sued on ; or, as defendant himself expresses it, " Bryant Collins was about to move away, and Green threatened to attach his property, claiming that Bryant Collins owed him three hundred and thirty dollars for some deficiency in the quantity of land, &c., therefore he put his name to the note sued on, in consideration that Green would not attach the property of Bryant Collins." Green then had a subsisting debt against L. B. (Bryant) Collins, and in order to enable Bryant to move out of the State, defendant signed the note sued on.    Why was not this a valuable consideration, amply sufficient in law to uphold the defendant's promise to pay the amount due on the note, about which in equity there seems to be no dispute.    The amount claimed, so far as appears, was certainly owing to the plaintiff ; and the defendant, for a valuable consideration, signed the note obligating himself to pay it.    Ought he not to comply with his promise?    If, upon the trial, it should appear that Bryant Collins did not in fact owe the amount claimed, then of course the defendant might plead that as a defence ; but it certainly would be doing the plaintiff injustice to hold the defendant not bound, when, in consideration of his promise, the plaintiff has lost the means of enforcing his claim against his original debtor, L. B. Collins.    The Court should

not have awarded a non-suit, but should have sent the case to the jury.

Judgment reversed. ·